Peter Sklarew, U.S. Dept. of Justice, Tax Division, Washington, D.C., for attorney Henry J. Riordan and the United States.

Joel Rosenthal, Shapiro, Israel & Weiner, Boston, MA, for Fleet National Bank.

## MEMORANDUM OF JUDGE HILLMAN IN RESPONSE TO DISTRICT COURT ORDER

WILLIAM C. HILLMAN, Bankruptcy Judge.

This matter is before the Court as a result of the District Court's "Memorandum And Order On Petition For Writ Of Mandamus," entered on February 24, 1998, in 226 B.R. 727. This Court deems it appropriate that separate orders be entered by Judges Feeney and Hillman in respect to the District Court order. This order reflects the determinations of Judge Hillman.

I did not intend to make any findings of fact respecting a violation of any ethical obligations, or otherwise to adjudicate Mr. Henry J. Riordan guilty of professional misconduct.

I have considered the sworn declarations submitted by Mr. Riordan in the District Court mandamus action, which was premised upon the cloud on his professional reputation caused by the published Memorandum of August 21, 1996. *In Re Calore Express Co., Inc.*, 199 B.R. 424 (Bankr.D.Mass.1996). I am satisfied that there is no basis to conclude that Mr. Riordan violated his ethical obligations to the Court or parties, and no basis upon which to make a referral of Mr. Riordan for disciplinary proceedings as provided in Rules 83.6 and 205 of the Local Rules of the District Court.

Nothing herein is intended by the Court to alter the August 21, 1996 Memorandum decision or any order with respect to the rights and interests of the United States or Fleet.

A separate order is being issued by Judge Feeney.

■

## In re CALORE EXPRESS COMPANY, INC., Debtor.

### No. 95–13291.

United States Bankruptcy Court, D. Massachusetts.

Dec. 30, 1998.

Peter Sklarew, U.S. Dept. of Justice, Tax Division, Washington, D.C., for attorney Henry J. Riordan and the United States.

Joel Rosenthal, Shapiro, Israel & Weiner, P.C., Boston, MA, for Fleet National Bank.

## MEMORANDUM OF JUDGE FEENEY IN RESPONSE TO DISTRICT COURT ORDER

JOAN N. FEENEY, Bankruptcy Judge.

This matter is before the Court as a result of the District Court's "Memorandum And Order On Petition For Writ Of Mandamus," entered on February 24, 1998, in 226 B.R. 727. This Court deems it appropriate that separate orders be entered by Judges Feeney and Hillman in respect to the District Court order. This order reflects the determinations of Judge Feeney.

In this Court's "Memorandum" decision dated August 21, 1996 (reported at 199 B.R. 424), I (Judge Feeney) did not intend to impose sanctions upon attorney Henry J. Riordan. Nor did I intend to adjudicate Riordan guilty of professional misconduct. Furthermore, I did not, and do not, perceive a basis upon which it to make a referral of Mr. Riordan for disciplinary proceedings as

provided in Rules 83.6 and 205 of the Local Rules of the District Court.[1]

Nothing herein is intended by the Court to alter the August 21, 1996 decision and order with respect to the rights and interests of the United States or Fleet.

A separate order is being issued by Judge Hillman.

---

**1.** District Court LR 83.6(4)(B) provides that acts or omissions that violate the ethical requirements and rules concerning the practice of law in the Commonwealth of Massachusetts constitute misconduct for which attorneys appearing before the court may be disciplined. District Court LR 83.6(5)(A) provides that "[w]hen misconduct or allegations of misconduct that, if substantiated, would warrant discipline as to an attorney admitted to practice before this court, is brought to the attention of a judicial officer, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these rules, the judicial officer may refer the matter to counsel for investigation, the prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate." Other portions of the rule provide procedures for the investigator to commence a proceeding and for the adjudication of any charges. District Court LR 205 provides that "[a] judge of the bankruptcy court for the District of Massachusetts is authorized as a judicial officer to make referrals for disciplinary proceedings as provided under LR 83.6(5)(A)."